UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIAM TROY MANNING**<br>**LA. DOC # 508885**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-2753**<br><br>**SECTION P**<br><br>**JUDGE JAMES T. TRIMBLE, JR.** |
| **WARDEN, CLAIBORNE PARISH**<br>**DETENTION CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner William Troy Manning, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 15, 2012. Petitioner attacks his 2008 convictions for aggravated burglary and attempted aggravated rape and the concurrent sentences of 30-years imposed by the Third Judicial District Court, Lincoln Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

Petitioner filed a petition for writ of *habeas corpus* in this court on April 4, 2011. *Manning v. Warden*, Civil Action No. 3:11-cv-0543. (*Manning I*) He raised four claims for relief– (1) The evidence was insufficient to support the convictions for attempted aggravated rape and aggravated burglary based solely on subjective photographic lineups and no direct evidence in support; (2) The convictions for aggravated burglary and attempted aggravated rape violated the prohibition against double jeopardy; (3) The trial court erred in denying an objection

to the state's failure to provide discovery; and (4) The trial court erred when it sustained the state's hearsay objection to petitioner's questioning an investigator about statements made by petitioner. [*Manning I*, Doc 1, pp. 21-318] On August 5, 2011, a Report was filed recommending dismissal without prejudice because he failed to exhaust available state court remedies. [*Manning I*, Doc. 7] The Report observed that none of petitioner's four claims were fairly presented and thus properly exhausted because petitioner either failed to raise the claim in the Louisiana Supreme Court on direct review, or, because he argued a different claim on appeal in the Second Circuit. The Report concluded,

> Unfortunately, even though petitioner may still be eligible to seek state post-conviction relief in the Louisiana courts, the AEDPA period of limitations as provided in 28 U.S.C. §2244(d)(1)(A) has now expired. Under that statute, a federal *habeas* petitioner has a period of 1-year, generally reckoned from the date that the state judgment of conviction became final "by the ... expiration of the time for seeking [further direct review]..." Petitioner's state appeals process ended on April 5, 2010 when the Supreme Court denied writs. *State of Louisiana v. William Troy Manning*, 2009-1749 (La. 4/5/2010), 31 So.3d 355. Again, assuming that petitioner's writ application to the Louisiana Supreme Court on direct review was timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [further direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about July 6, 2010, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90- day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) The 1-year period of limitations expired on July 6, 2011 while this unexhausted petition was pending. Further, petitioner may not rely upon the pendency of his federal *habeas corpus* petition to toll the AEDPA limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001); *Rhines v. Weber*, 544 U.S. at 274-75 ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for corpus in federal court does not toll the statute of limitations.")
>
> Thus, petitioner may return to the Louisiana courts in order to exhaust his federal claims. Those claims may or may not be rejected by the Louisiana courts as

> repetitive or successive. Assuming that this Report and Recommendation is adopted by the Court, petitioner's federal *habeas* petition will be dismissed without prejudice and therefore, once petitioner has exhausted his federal claims, he may return to this court without running afoul of the prohibition against second or successive *habeas* petitions codified at 28 U.S.C. §2244(b). However, a second petition for *habeas* corpus may well be dismissed as time-barred as noted above, unless petitioner is able to successfully argue the benefits of statutory or equitable tolling.

*Manning I,* Doc. 7, pp. 13-14.

Petitioner did not object to the Report and Recommendation. On September 30, 2011, Judge Walter adopted it and ordered dismissal. *Manning I*, Doc. 10. Petitioner did not appeal.

He returned to the Third Judicial District Court and filed an application for post-conviction relief on October 3, 2011, raising the original four claims for relief filed in his direct appeal and an additional claim of ineffective assistance of counsel. [See Doc. 5-1, p. 41, §1] As predicted, relief was denied in the District Court which found the petition to be successive. [Doc. 5-1, p. 34] The Second Circuit Court of Appeals denied relief and on September 28, 2012, the Louisiana Supreme Court likewise denied relief. *State of Louisiana ex rel. William Troy Manning vs. State of Louisiana*, 2012-1052 (La. 9/28/2012). [Doc. 5-1, p. 54]

Petitioner filed the instant petition on November 5, 2012.

### *Law and Analysis*

### *1. Limitations*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a <u>properly filed application</u> for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

On June 24, 2009, petitioner's conviction was affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. William Troy Manning*, 44,403 (La. App. 2 Cir. 6/24/2009), 15 So.3d 1204. On April 5, 2010, the Supreme Court denied writs without comment. *State of Louisiana v. William Troy Manning*, 2009-1749 (La. 4/5/2010), 31 So.3d 355. On April 12, 2010, petitioner submitted a *pro se* Objection to the Supreme Court's writ denial. He again argued that the investigator committed perjury; that petitioner's fingerprints and DNA were

---

[1] The pleadings and exhibits do not suggest that the claims asserted rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review and therefore he is not entitled to tolling pursuant to §2244(d)(1)(C) ; nor does it appear that petitioner may rely upon the provisions of §2244(d)(1)(D) since the petition does not allege the late discovery of the factual basis for the petition. Petitioner implies that he is entitled to avail himself of the statutory tolling provision contained in § 2244(d)(1)(B) based on claims of ineffective assistance of inmate-counsel. Petitioner has not shown, nor can he, that the errors committed by inmate-counsel may be considered a "state created impediment" for the purpose of tolling the statute of limitations under 28 U.S.C. § 2244(d)(1)(B). "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition(2) by State action, (3) in violation of the Constitution or federal law." *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir.2003). Simply stated, since state prisoners have no constitutional right to either an attorney or "inmate counsel" in state post-conviction proceedings, petitioner cannot rely on a claim ineffective assistance of post-conviction inmate counsel in order to establish statutory or equitable tolling of his time-barred petition. *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir.2001).

absent from the crime scene; and that the prosecutor allowed perjured testimony to be entered into the trial record. [*Manning I*, Doc. 6, pp. 21-24] This pleading was returned unfiled by the Supreme Court. [*Id.*, Doc. 6, p. 25] Petitioner did not seek further direct review in the United States Supreme Court.

Assuming, as argued by petitioner, that his writ application to the Louisiana Supreme Court was timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about July 6, 2010, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on July 6, 2010, petitioner had one year, or until July 6, 2011, to file his federal *habeas corpus* suit.

As previously noted, he filed his first petition for writ of *habeas corpus* in this Court on April 4, 2011 (*Manning I* at Doc. 1). The AEDPA's 1-year period of limitations expired on July 6, 2011, while this first *habeas corpus* petition was pending. As he was previously advised, petitioner may not rely upon the pendency of his first federal *habeas corpus* petition to toll the AEDPA limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001); *Rhines v. Weber*, 544 U.S. at 274-75 ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for *habeas corpus* in federal court does not toll the statute of limitations.")

In addition, petitioner cannot rely upon the pendency of his motion seeking production of documents because such motions are not considered "properly filed applications for State post-conviction or other collateral review ..." as defined by § 2244(d)(2) so as to toll the limitations period established by § 2244(d)(1). See *Boyd v. Ward*, 2001 WL 533221, *4 (E.D.La.2001); *Brisbon v. Cain*, 2000 Wl 45872, *2 (E . D.La.2000); *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir.2002) citing *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period); *See also Myers v. Cain*, 2001 WL 1218763, *4 (E.D.La., 2001).

In other words, the AEDPA time limits expired while petitioner's first petition for writ of habeas corpus was pending in this Court. Petitioner cannot avail himself of the statutory tolling provisions of §2244(d)(2) because there was no properly filed State post-conviction proceeding pending before the limitations period expired. As previously noted, petitioner did not file an application for post-conviction relief in the State courts until October 3, 2011 and by that time the limitations period had already expired and could not be revived by this otherwise timely but repetitive filing.

## 2. Equitable Tolling

Petitioner was forewarned that a subsequent *habeas corpus* petition would probably be dismissed as time-barred absent proof and argument to establish petitioner's eligibility for equitable or statutory tolling.[2] In the pleading filed on October 23, 2012, petitioner implied the

---

[2] As noted above, the Report recommending dismissal without prejudice contained the following notice: "Thus, petitioner may return to the Louisiana courts in order to exhaust his federal claims. Those claims may or may not be rejected by the Louisiana courts as repetitive or successive. Assuming that this Report and Recommendation is adopted by the Court, petitioner's federal *habeas* petition will be dismissed without prejudice and therefore, once petitioner has

6

following grounds in favor of the application of equitable tolling:

> In the first petition, although the writ was improperly formatted to litigate all claims presented to the 2nd Cir. App. Court, <u>due to inadequate legal inmate counsel</u>, thus upon and unexplained denial from the La. Sup. Ct., I submitted post-conviction application , whereas I re-raised the initial 4 claims raised on direct appeal again; and then added the claim of ineffective assistance of counsel in my post conviction application so that all courts including the La. Supreme Ct. Could rule on the 4 initial claim raised on direct appeal. Subsequently, the post-conviction with all original claims plus the latter claim of ineffective assistance of counsel were denied unexplained as well by the highest court of the state. [Doc. 1, ¶6]

In his amended petition he agreed that his writ on direct appeal to the Louisiana Supreme Court sowed the seeds for the dismissal of his first *habeas* petition in that it failed to raise the same claims raised on direct appeal to the Second Circuit Court of Appeals; however, he once again alleged that "This was not my fault and the writ application 2009-KO-1749 was prepared by the Inmate Counsel at C.P.D.C. who apparently had no idea what he was doing." He also noted that his objection to the Supreme Court's denial

> ...was prepared by another inmate counsel whom still was uneducated and failed again to submit the errors assigned by the Appellate Project. When the current inmate arrived in November 2010, he look at my paper work and although he noticed the claims the La. Appellate Project had assigned as errors had not been correctly displayed into the La. Sup. Ct., he felt the writ did in fact make an argument in regards to the original errors assigned by the La. App. Project and since the one year prescriptive period by which he had to fil for habeas relief under 28 U.S.C. §2244(d) was fast approaching, he filed the habeas and it was dismissed for not exhausting state remedies. [Doc. 5, ¶18]

Petitioner offered no other argument or evidence to support equitable or statutory tolling.

---

exhausted his federal claims, he may return to this court without running afoul of the prohibition against second or successive *habeas* petitions codified at 28 U.S.C. §2244(b). <u>However, a second petition for *habeas* corpus may well be dismissed as time-barred as noted above, unless petitioner is able to successfully argue the benefits of statutory or equitable tolling.</u> *Manning I,* Doc. 7, pp. 13-14.

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Here, although provided the opportunity to do so, petitioner failed to show that some "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). Instead, he merely cast blame on the ignorance or inexperience of the inmate counsel who assisted him the preparation of his writ application on direct appeal. Such allegation, standing alone, does not establish such an extraordinary circumstance so as to warrant the application of equitable or statutory tolling in this instance.[3]

---

[3] See fn. 2, above, State prisoners have no constitutional right to either an attorney or competent "inmate counsel" in state post-conviction proceedings. Petitioner cannot rely on a claim ineffective assistance of post-conviction counsel to establish the application of equitable

8

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

---

tolling. *Compare Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir.2001).

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, January 22, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE